FILED ___ LODGED
___ RECEIVED ___ COPY

FEB 28 2017

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

**REDACTED FOR PUBLIC DISCLOSURE**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Bart James Ellis,<br><br>　　　　Defendant. | CR-17-00299-PHX-DLR(JZB)<br><br>**INDICTMENT**<br><br>VIO:　18 U.S.C. § 1343<br>　　　(Wire Fraud)<br>　　　(Counts 1-2)<br><br>　　　18 U.S.C. § 1957(a)<br>　　　(Transactional Money Laundering)<br>　　　(Counts 3-15)<br><br>　　　18 U.S.C. § 1028A(a)(1)<br>　　　(Aggravated Identity Theft)<br>　　　(Counts 16-18)<br><br>　　　18 U.S.C. § 982<br>　　　28 U.S.C. § 2461(c)<br>　　　(Forfeiture Allegations) |

THE GRAND JURY CHARGES:

At all times material to this indictment:

**DEFENDANT**

1.　BART JAMES ELLIS ("ELLIS") is an American citizen with United States residency. His most recent known residence was in Scottsdale, Arizona.

**INTRODUCTION
AND SCHEME TO DEFRAUD**

2.　ELLIS, a former financial advisor with firms that included Ameriprise Financial Services and Morgan Stanley, solicited investor funds from former clients, which were then used and spent by ELLIS in a way contrary to how he told clients the funds would be

invested. ELLIS used this scheme to defraud investors of funds in excess of $1.1 million, of which the primary investor provided over $900,000 to ELLIS.

3. ELLIS led his primary investor, JBM, to believe that ELLIS was working as a financial advisor for a new company called Oak Capital Partners, LLC. In fact, Oak Capital Partners was a business established solely by and for ELLIS. Knowing that the primary investor was interested in low-risk investments only, ELLIS falsely told the primary investor that Oak Capital Partners had certificates of deposit (CD) that paid 5% or more, and that was how the client's funds would be invested. ELLIS never told the investors that he had been terminated from his most recent position or that he had made unauthorized trades in a client's account.

4. ELLIS continued to mislead JBM and others over the course of approximately three years, from late 2012 to mid-2015.

    a. ELLIS supplied the primary investor with fictitious account statements allegedly prepared and issued by Oak Capital Partners.

    b. Instead of investing the client funds in low-risk CDs, ELLIS used the money to fund his personal lifestyle and to conduct stock trades with an online brokerage company.

    c. From approximately November 2012 to July 2015, ELLIS caused over $700,000 of client funds to be transferred to the online brokerage company and used over $400,000 on personal-related expenses including rent for a house, the lease of a luxury vehicle, and payments to credit cards.

5. The investors paid funds to Oak Capital Partners and ELLIS in the form of checks and wire transfers, which were deposited into Oak Capital Partners' bank accounts controlled by ELLIS at First Bank, Wells Fargo Bank, and Bank of America. The business and personal accounts opened by ELLIS at First Bank were closed due to activity inconsistent with the purported nature of ELLIS's business. The business and personal accounts opened by ELLIS at Wells Fargo Bank were then opened and later closed when ELLIS ran out of investor funds. It appears that ELLIS still maintains a personal account

at Bank of America, but the Oak Capital Partners account was closed due to overdrafts.

## COUNTS 1-2
## WIRE FRAUD
## (Title 18 U.S.C. § 1343)

6.  The factual allegations in paragraphs 1 through 5 of the Indictment are incorporated by reference and re-alleged as though set forth fully herein.

7.  Beginning at a time unknown to the Grand Jury, but at least as early as in or around November 2012 and continuing to a date unknown to the Grand Jury, but through at least in or around July 2015, in the District of Arizona and elsewhere, ELLIS, did knowingly and willfully devise and intend to devise a scheme and artifice to defraud and to obtain money by means of materially false and fraudulent pretenses, representations and promises.

8.  On or about the dates listed below, each date constituting a separate count, in the District of Arizona and elsewhere, for the purpose of executing said scheme and artifice to defraud and to obtain money by means of materially false and fraudulent pretenses, representations, and promises, ELLIS, did obtain payments, fees, and money, by means of wire, radio and television communications in interstate commerce, as follows:

| COUNT | WIRE DATE | VICTIM-CLIENT | AMOUNT | REPRESENTED PURPOSE |
|---|---|---|---|---|
| 1 | 1/15/2014 | JBM | $25,000 | Low-risk CD investments |
| 2 | 3/10/2014 | JBM | $25,000 | Low-risk CD investments |

All in violation of 18 U.S.C. § 1343.

## COUNTS 3-15
## TRANSACTIONAL MONEY LAUNDERING
## (Title 18 U.S.C. § 1957(a))

9.  The factual allegations in paragraphs 1 through 8 of the Indictment are incorporated by reference and re-alleged as though set forth fully herein.

10. On or about the dates set forth below, in the District of Arizona and elsewhere, each such instance being a different count of this Indictment, ELLIS knowingly engaged in monetary transactions, occurring within the United States, in criminally-derived property

of a value greater than $10,000, which was derived from specified unlawful activity, namely a violation of Title 18 U.S.C. § 1343 (Wire Fraud) as alleged in counts one and two, and specifically with funds obtained from JBM.

| COUNT | ON OR ABOUT DATE OF TRANSACTION | DESCRIPTION OF TRANSACTION |
|---|---|---|
| 3 | 11/15/12 | ELLIS wired $30,000 to his Interactive Brokers account. |
| 4 | 5/7/2013 | ELLIS issued a $25,000 check to a business associate for the purpose of investing without disclosing that the money belonged to another investor. |
| 5 | 9/5/2013 | ELLIS wired $80,000 to his Interactive Brokers account. |
| 6 | 11/19/2013 | ELLIS wired $22,000 to his Interactive Brokers account. |
| 7 | 1/28/2014 | ELLIS wired $150,000 to his Interactive Brokers account. |
| 8 | 1/30/2014 | ELLIS issued a check for $24,747.24 to Earnhardt Scottsdale Lexus for the full lease payment of a 2014 Lexus GX 460 sport utility vehicle for his spouse at that time. |
| 9 | 3/11/2014 | ELLIS wired $25,000 to his Interactive Brokers account. |
| 10 | 4/28/2014 | ELLIS wired $150,000 to his Interactive Brokers account. |
| 11 | 5/01/2014 | E-payment to Discover of $10,100 for the payment of expenses on a credit card in the name of ELLIS's spouse at the time. |
| 12 | 5/04/2014 | ELLIS issued a check for $17,500 to another investor who was demanding that his funds be returned. |
| 13 | 9/26/2014 | ELLIS wired $90,000 to his Interactive Brokers account. |
| 14 | 1/8/2015 | ELLIS wired $40,000 to his Interactive Brokers account. |
| 15 | 2/17/2015 | ELLIS wired $35,000 to his Interactive Brokers account. |

All in violation of 18 U.S.C. § 1957(a).

## COUNTS 16-18
## AGGRAVATED IDENTITY THEFT
## (Title 18 U.S.C. § 1028A(a)(1))

11. The factual allegations in paragraphs 1 through 10 of the Indictment are incorporated by reference and re-alleged as though set forth fully herein.

12. On or about March 1, 2014 through October 31, 2014, within the District of Arizona, ELLIS, during and in relation to the felony violations of 18 U.S.C. § 1343, as charged in Counts 1 and 2 of this Indictment, knowingly used, without lawful authority, a means of identification of another person, to wit, the name of JBM, on fraudulent investment reports he submitted to the victim who lived in Illinois purporting to give a portfolio summary and the value of her investments.

| COUNT | ON OR ABOUT DATE OF INVESTMENT REPORT | FRAUDULENT CLAIM REGARDING THE VALUE OF THE INVESTMENT PORTFOLIO |
|---|---|---|
| 16 | 3/31/2014 | $423,612.97 |
| 17 | 5/31/2014 | $815,355.73 |
| 18 | 10/31/2014 | $725,360.68 |

All in violation of 18 U.S.C. § 1028A(a)(1).

## FORFEITURE ALLEGATIONS

13. The factual allegations in paragraphs 1-8 and in Counts 1, 2, and 16-18 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(2)(A) and Title 28, United States Code, Section 2461(c).

14. Upon conviction of the offenses in violation of Title 18, United States Code, Sections 1028A and 1343, as set forth in Counts 1, 2, and 16-18 of this Indictment, ELLIS shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2)(A)&(B), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violations, including, but not limited to: a money

judgment in the amount of approximately $1,093,976.00.

15. The factual allegations in paragraphs 1-10 and in Counts 3-15 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(1).

16. Pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction of an offense in violation of Title 18, United States Code, Section 1957, ELLIS shall forfeit to the United States of America any property, real or personal, involved in such offense, and any property traceable to such property. The property to be forfeited includes, but is not limited to, the following: a money judgment in the amount of approximately $1,093,976.00.

17. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b) and Title 28, United States Code, Section 2461, the defendant shall forfeit substitute property, up to the value of the forfeitable property, or any portion thereof, if by any act or omission of the defendant, the forfeitable property cannot be located upon the exercise of due diligence; has been transferred, sold to, or deposited with a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

All in accordance with Title 18, United States Code, Section 982; Title 28 United States Code, Section 2461; and Rule 32.2(a), Federal Rules of Criminal Procedure.

A TRUE BILL

_/s/_
FOREPERSON OF THE GRAND JURY
Date: February 28, 2017

ELIZABETH A. STRANGE
Acting United States Attorney
District of Arizona

_/s/_
MARK S. KOKANOVICH
Assistant U.S. Attorney